# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOSEPH HENDERSON**, Plaintiff,

v.

**JUDGE LOUIS A. MINCARELLI**, in his individual capacity; **JUDGE KATHERINE B.L. PLATT**, in her individual capacity; **JUDGE DEBORAH S. RYAN**, in her individual capacity; **JUDGE ANALISA SONDERGAARD**, in her individual capacity; **JENNIFER A. FINK, ESQUIRE**; **FINK & BUCHANAN LAW OFFICES, LLC**; **CHERYL ANN MCCALLIN, ESQUIRE**; **STEPHEN J. KELLY, ESQUIRE**; **CHRIS PAWLOWSKI**, in his individual and official capacity; **SUZIE MARKER**, in her individual and official capacity; **KEITH E. BOGGESS**, in his individual and official capacity; **KELLY HOCKENBERRY**, in her individual and official capacity; **KIM MELHORN**, in her individual and official capacity; **CHESTER COUNTY, PENNSYLVANIA**; and **JOHN/JANE DOES 1-5**, being unknown individuals, officials, and/or employees of Chester County whose identities are not yet known,

Defendants.

**Case No.:** [Case Number]

**JURY TRIAL DEMANDED**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), CONSPIRACY TO VIOLATE CIVIL RIGHTS, AND SUPPLEMENTAL STATE LAW CLAIMS

Plaintiff, Joseph Henderson ("Father"), by and through his undersigned counsel, files this Complaint against the above-named Defendants, and in support thereof, avers as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action for significant monetary damages arising from a malicious, multi-year conspiracy orchestrated by state and private actors acting under color of state law. They systematically weaponized the judicial process of the Commonwealth of Pennsylvania with the goal of unconstitutionally depriving a fit parent, Plaintiff Joseph Henderson, of his fundamental right to the care, custody, and control of his minor children, S.H. and V.H.. This fundamental liberty interest is protected by the Due Process Clause of the Fourteenth Amendment.

2. The Defendants, through a coordinated campaign of fraud upon the court, malicious prosecution, and abuse of the judicial process, deprived Mr. Henderson of his sacred relationship with his minor children. This campaign was initiated by private actors who lacked legal standing but were empowered by state judges who abdicated their constitutional duty, acted in the complete absence of all jurisdiction, and participated in non-judicial, conspiratorial acts to manufacture evidence against Mr. Henderson. These actions have deprived Mr. Henderson of his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, causing profound emotional suffering and devastating financial damages.

3. A central and egregious overt act in this conspiracy occurred on October 5, 2023, during a critical custody hearing before Defendant Judge Louis A. Mincarelli. At this hearing, Defendant Attorney Jennifer A. Fink, acting as an officer of the court, made a knowingly false and fraudulent statement that Mr. Henderson was in violation of a non-existent court order, thereby manufacturing a pretext to strip him of custody. This act constituted a fraud upon the court.

4. This fraud was compounded by a catastrophic failure of procedural due process. The order stripping Plaintiff of custody was signed on **October 3, 2023**, two full days *before* the hearing, rendering the proceeding a legal sham. The Court then coerced Mr. Henderson into an unconstitutional search in the form of a legally inadmissible "instant drug screening" administered by Defendant Chris Pawlowski, Chief Adult Probation and Parole Officer for Chester County, after a certified testing facility refused to conduct such a test. Defendant Pawlowski then oversaw a process where the urine sample was discarded without legally required confirmatory testing, thereby willfully destroying exculpatory evidence. These non-judicial acts were facilitated by Defendant Suzie Marker, the Family Court Administrator.

5. By these actions, the named private and state actors became willful participants in a conspiracy to violate Mr. Henderson's civil rights. Defendant Chester County is liable under *Monell v. Department of Social Services* for the unconstitutional customs and practices of its employees and for its failure to adequately train and supervise them.

6. Plaintiff seeks compensatory and punitive damages in the amount of **Twenty-Five Million Dollars ($25,000,000.00)** to redress the immense financial, emotional, and constitutional injuries he has suffered, and to punish and deter such outrageous and unlawful conduct.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case involves federal questions arising under the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same common nucleus of operative facts.
9. Venue is proper in the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred within this district, specifically within the Chester County Court of Common Pleas.

## III. THE PARTIES

10. **Plaintiff Joseph Henderson** is a citizen of the Commonwealth of Pennsylvania and the natural father of the two minor children at the center of this action.
11. **Defendant Judge Louis A. Mincarelli** is a Judge of the Court of Common Pleas of Chester County, Pennsylvania. He is sued in his individual capacity for acts taken in a non-judicial capacity and for judicial acts taken in the complete absence of all jurisdiction.
12. **Defendant Judge Katherine B. L. Platt** is a Judge of the Court of Common Pleas of Chester County, Pennsylvania. She is sued in her individual capacity for acts taken in the complete absence of all jurisdiction.
13. **Defendant Judge Deborah S. Ryan** is a Judge of the Court of Common Pleas of Chester County, Pennsylvania. She is sued in her individual capacity for judicial acts taken in the complete absence of all jurisdiction.
14. **Defendant Judge Analisa Sondergaard** is a Judge of the Court of Common Pleas of Chester County, Pennsylvania. She is sued in her individual capacity for judicial acts taken in the complete absence of all jurisdiction.
15. **Defendant Jennifer A. Fink, Esquire**, is an attorney who represented the Maternal Grandparents. She is a private actor who became a state actor by willfully conspiring with state officials to violate Plaintiff's constitutional rights and by committing fraud upon the court.
16. **Defendant Fink & Buchanan Law Offices, LLC**, is vicariously liable for the actions of its member, Jennifer A. Fink, Esquire.
17. **Defendant Cheryl Ann McCallin, Esquire**, is an attorney who filed the initial fraudulent petition to intervene. She is sued in her individual capacity for her role as a willful participant in a joint conspiracy with state actors.
18. **Defendant Stephen J. Kelly, Esquire**, previously represented Plaintiff Henderson. He is sued in his individual capacity for tortious conduct, including breach of fiduciary duty and sharing confidential, privileged information, which contributed to the harm suffered by Plaintiff.
19. **Defendant Chris Pawlowski** is the Chief Adult Probation and Parole Officer for Chester County. He is sued in his individual and official capacities for his administrative, non-judicial acts in conducting an unconstitutional and coerced drug test of Plaintiff.
20. **Defendant Suzie Marker** is the Family Court Administrator for Chester County. She is sued in her individual and official capacities as a state actor who facilitated unconstitutional procedures.

21. **Defendant Keith E. Boggess** is a Custody Conciliator for the Chester County Court of Common Pleas. He is sued in his individual and official capacities for allegedly acting in the clear absence of all jurisdiction.
22. **Defendant Kelly Hockenberry** is a court-appointed family therapist. She is sued in her individual and official capacities as an individual who acted under color of state law and breached her duty of neutrality, foreseeably escalating the conflict.
23. **Defendant Kim Melhorn** is a Certified School Psychologist who acted under color of law pursuant to a court appointment. She is sued in her individual and official capacities as an alleged instrument in the unconstitutional deprivation of parental rights.
24. **Defendant Chester County, Pennsylvania**, is a municipal entity responsible for the policies, customs, and supervision of its employees and is liable under *Monell v. Department of Social Services*.
25. **Defendants John/Jane Does 1-5** are unknown individuals, officials, or employees of Chester County whose actions, taken under color of state law, contributed to the deprivation of Plaintiff's constitutional rights.

## IV. FACTUAL ALLEGATIONS

**A. The Unconstitutional Deprivation of the Parent-Child Relationship** 26. Prior to the Defendants' interference, Plaintiff resided with the children's Mother and their two minor children as an intact family. Despite substantial and unrefuted evidence of Plaintiff's parental fitness—including a 2020 court-ordered home inspection finding his residence "safe and appropriate," a 2020 psychological evaluation by Dr. Bruce Mapes finding "no major personality disorders," and multiple "unfounded or invalid" CYS investigations—Defendants engaged in a concerted effort to strip him of his parental rights.

27. On or about October 20, 2020, the Maternal Grandparents, through their counsel Defendant McCallin, filed a petition to intervene predicated on known falsehoods and failed to establish standing to seek primary physical custody under the stringent requirements of 23 Pa.C.S. § 5324. This filing was the initiating act of fraud upon the court.

**B. The Judicial Ratification and Non-Judicial Acts** 28. The judicial Defendants joined and facilitated this conspiracy. At the initial intervention hearing on December 10, 2020, Defendant Judge Platt (Royer) correctly noted the Grandparents' potential lack of standing but then improperly allowed the matter to proceed as if standing for primary custody had been established, a foundational error that infected all subsequent proceedings. This was an act in the clear absence of all jurisdiction.

29. The conspiracy was cemented on October 5, 2023, before Defendant Judge Mincarelli. When Plaintiff attempted to challenge the foundational fraud of the Grandparents' standing, Judge Mincarelli refused to consider the issue, incorrectly stating it was "already litigated and granted," thereby knowingly ratifying and perpetuating the initial fraud.

4

30. The hearing then devolved into an abuse of state power. Off the record, Judge Mincarelli coerced Plaintiff into submitting to an immediate drug test "under threat of never regaining custody". This was not a judicial ruling but a coercive, administrative, and investigative act made without jurisdiction.

31. The execution of this threat was an administrative, non-judicial act carried out by other state actors. Defendant Family Court Administrator Suzie Marker contacted Defendant Chris Pawlowski, a probation officer, to conduct the unconstitutional search. Defendant Pawlowski then administered the inadmissible test and willfully destroyed the sample, preventing legally required confirmatory testing.

32. Subsequent hearings before Defendant Judge Ryan perpetuated the unconstitutional custody arrangement. She repeatedly enforced orders based on the initial fraud and entered contempt findings against Mr. Henderson for raising meritorious legal challenges, further entrenching the deprivation of his parental rights. Her application of *res judicata* to bar review of the foundational standing defect was manifestly unreasonable and an abuse of discretion that further infringed on Plaintiff's rights. Defendant Judge Sondergaard similarly perpetuated this error by applying *res judicata* to the standing issue.

**C. Overt Acts by Other Co-Conspirators** 33. Throughout the proceedings, Defendant Fink engaged in abusive litigation tactics, including ambushing the *pro se* Plaintiff with over one thousand pages of exhibits at the start of a hearing. 34. Defendant Kelly Hockenberry, a court-appointed therapist, breached her duty of neutrality and catastrophically escalated the conflict by instructing the children's mother to surreptitiously record Mr. Henderson, creating prejudicial evidence used against him. 35. Defendant Kim Melhorn, a court-appointed psychologist, allegedly became an instrument in the unconstitutional deprivation of parental rights by using a recording of questionable legality as a basis to escalate the conflict. 36. Defendant Stephen Kelly, Plaintiff's former counsel, allegedly breached his fiduciary duty by sharing confidential, privileged information and failing to properly argue against the Grandparents' fraudulent petition, thereby enabling the deprivation of his client's rights.

## V. CAUSES OF ACTION

### COUNT I: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1983)

**(Against All Defendants)** 37. The Defendants, acting in concert and under color of state law, conspired to injure, oppress, and intimidate Plaintiff in the free exercise and enjoyment of his rights secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments, including his fundamental right to the care, custody, and control of his children. 38. The private Defendants (Fink, McCallin, Kelly, Hockenberry, Melhorn) willfully participated in a joint action with the state actor Defendants (Judges Mincarelli, Platt, Ryan, Sondergaard; Pawlowski; Marker; Boggess), who used their official positions and the machinery of the state court system to advance the

5

conspiracy's unconstitutional goals. All Defendants thereby became co-conspirators liable under § 1983.

## COUNT II: DEPRIVATION OF FOURTEENTH AMENDMENT RIGHTS (42 U.S.C. § 1983)

**(Against All Defendants)** 39. Defendants, acting under color of state law, deprived Plaintiff of his clearly established fundamental liberty interests under the Due Process Clause of the Fourteenth Amendment to maintain a parental relationship with his children. 40. The conduct of the Defendants demonstrated a deliberate indifference to Plaintiff's constitutional rights and was undertaken for "purposes of oppression". 41. The judicial Defendants are not entitled to absolute judicial immunity for their actions. Their acts fall into two distinct exceptions to the immunity doctrine: (a) **Clear Absence of All Jurisdiction:** The judicial Defendants acted in the clear absence of all jurisdiction by permitting the Grandparents, who lacked standing, to pursue and obtain primary and legal custody—a remedy the court had no subject-matter jurisdiction to award them. (b) **Non-Judicial Acts:** Furthermore, Defendant Mincarelli's off-the-record coercion of a drug test, and its subsequent administrative coordination and execution, were not judicial acts but were investigative and administrative functions completely devoid of procedural safeguards.

## COUNT III: MALICIOUS PROSECUTION (42 U.S.C. § 1983 and State Law)

**(Against Defendants Fink, McCallin, and the private actors who initiated prior proceedings)** 42. Defendants Fink and McCallin, on behalf of their clients, initiated and continued civil custody proceedings against Plaintiff without probable cause and with malice, resulting in a seizure of his person in violation of the Fourth Amendment. 43. The proceedings were instituted for the improper purpose of maliciously severing the parent-child bond. Favorable termination of discrete proceedings, such as the dismissal of false PFA and MHPA petitions, has been achieved.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

**(Supplemental Jurisdiction Claim Against Defendants Fink, McCallin, Hockenberry, Melhorn, and their clients/principals)** 44. The Defendants' multi-year campaign of malicious litigation, perjury, and fraud was extreme and outrageous, exceeding all possible bounds of decency, and was intended to cause—and did cause—Mr. Henderson severe emotional distress.

## COUNT V: WRONGFUL USE OF CIVIL PROCEEDINGS (DRAGONETTI ACT, 42 Pa.C.S. § 8351)

**(Supplemental Jurisdiction Claim Against Defendants Fink, McCallin, and their clients/principals)** 45. Defendants procured, initiated, and continued civil proceedings against Plaintiff for a grossly improper purpose and without probable cause, predicated on false information that was repeatedly found to be unsubstantiated by neutral evaluators and state agencies.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Henderson respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, jointly and severally, as follows:

A. Awarding **compensatory damages** in an amount not less than **$10,000,000**, to compensate Plaintiff for the loss of familial association, damage to his business and reputation, past and future emotional distress, humiliation, and financial losses including attorney's fees exceeding $50,000; B. Awarding **punitive damages** in an amount not less than **$15,000,000**, for Defendants' malicious, willful, and reckless indifference to Plaintiff's constitutional rights; C. Awarding reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988; D. Issuing a declaratory judgment that the Defendants' actions, policies, and practices violated Plaintiff's rights under the United States Constitution; and E. Granting any and all other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff Joseph Henderson hereby demands a trial by jury on all issues so triable in this action, as is his right under the Seventh Amendment to the United States Constitution.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 3rd day of October, 2025.

Signature of Plaintiff _[signature]_

Mailing Address
540 McFarland Rd
Kennett Square, PA 19348

Telephone Number 484-781-4552

E-mail Address JosephHenderson83@outlook.com

Respectfully submitted,

---

PRO SE, *Joseph Henderson* **Date:** OCTOBER 3RD 2025
540 MCFARLAND RD, KENNETT SQUARE, PA 19348
josephhenderson83@outlook.com, 484-781-4552

7