**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH HENDERSON**, Plaintiff, | : | |
| vs. | : | **CIVIL ACTION NO. 25-CV-5748** |
| **JUDGE LOUIS A. MINCARELLI, et al.**, Defendants. | : | |

**MEMORANDUM**

**Younge, J.** **July 24, 2026**

## I. INTRODUCTION

Plaintiff Joseph Henderson ("Henderson"), who is proceeding *pro se*, brings forth the present matter alleging violations of his federal constitutional and parental rights, and tort-related injuries. Before the Court is Defendants' Motions to Dismiss Henderson's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 71, 72, 73, 74, 75, 76, 77, 81). The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the following reasons, the Court will dismiss Henderson's Second Amended Complaint with prejudice as leave to amend would be futile.

## II. FACTUAL BACKGROUND

The Court has already summarized the underlying factual background giving rise to Henderson's present claims and assumes the reader's familiarity with them.[1] For purposes of this motion, however, Henderson brings suit against Judge Louis Mincarelli, Judge Katherine Platt, Judge Deborah Ryan, and Judge Analisa Sondergaard *in their individual capacity*, Chris Pawlowski and Kevin Boggess *in their official capacity*, (collectively referred as "Court

---

[1] *See* Ex. A, ECF No. 72 (citing *Henderson v. Kardosh*, No. 23-CV-4054, 2023 WL 8651412 (E.D. Pa. Dec. 14, 2023) (Younge, J.)).

Defendants"); Jennifer Fink, Esq., Buchanan Law Offices, LLC, Cheryl McCallin, Esq., Stephen Kelly, Esq., Laura Baker, Esq., Brutscher, Foley, Milliner, Land & Kelly, LLP, (collectively referred as "Attorney Defendants"); Chester County, Pennsylvania, Suzie Marker, Chris Pawlowski and Keith Boggess *in their individual capacity*, (collectively referred as "County Defendants"); Mary E. Kardosh and William Kardosh, (collectively referred as "Parent Defendants"); and Kelly Hockenberry. The defendants are collectively referred to as "Defendants".

## III. LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F. 3d 521, 526 (3d. Cir. 2009). The court may also consider "exhibits attached to the complaint," "matters of public record," and documents "integral to or explicitly relied upon in the complaint" at the motion to dismiss stage, without converting the motion into one for summary judgment.

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis, citation and internal quotation marks omitted). Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, this Court must examine Hendersons' claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

## IV. DISCUSSION

Henderson seeks federal relief for his alleged constitutional and tort-related injuries against Defendants in their official and individual capacities. However, Henderson's relief sought is barred by precedential case law and legal principles. Namely, the *Younger* abstention and *Rooker-Feldman* doctrines, Res judicata, statute of limitations, and immunity clauses. It therefore follows that Henderson's claims are dismissed with prejudice. The Court will address the legal barriers to all of Henderson's claims in turn.

Preliminarily, the Third Circuit has held that federal claims arising out of state child custody proceedings may implicate both the *Rooker-Feldman* doctrine and *Younger* abstention. *See Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004).

### The *Younger* Abstention doctrine deprives this Court of Jurisdiction over Henderson's claims.

As the Court has already determined, but will reaffirm here:

> [I]n *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court established a principle of abstention when federal adjudication would disrupt an ongoing state court proceeding. *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). *Younger* abstention "is premised on the notion of comity, a principle of deference

> and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).
>
> The custody decision is clearly a state court judicial function. It also appears that custody proceedings are ongoing and, presumably, will continue until Henderson's children reach the age of majority. Finally, the custody of minor children implicates important state interests, and the state proceedings afford adequate opportunities to raise Henderson's federal claims. Accord, *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011) ("The District Court was correct that *Younger* abstention principles dictated dismissal of the complaint, at least with regard to appellants' claims for prospective injunctive and declaratory relief based on alleged violations of their constitutional rights in the ongoing state court custody proceedings."); *Anthony*, 316 F.3d [at] 418-19 [] (applying *Younger* abstention to a challenge to a state-court custody order because state "courts are charged with monitoring, enforcing and modifying the child support obligations" throughout the duration of the child support order); *Lyman*, at * 4 [] ("The Third Circuit has held that federal claims arising out of state child custody proceedings may implicate both the *Rooker-Feldman* doctrine and *Younger* abstention.").

*Henderson*, 2023 WL 8651412 at *1, n.1. Therefore, Henderson's claims are barred by the *Younger* abstention doctrine.

**The *Rooker-Feldman* doctrine deprives this Court of Subject Matter Jurisdiction over Henderson's claims.**

Henderson had a full and fair opportunity to claim an exemption under federal law in the underlying action in state court but failed to do so. Henderson now seeks to have this Court to review a state court judgment because he is unsatisfied with that court's ruling. Notwithstanding, his sought after relief is barred by the *Rooker-Feldman* doctrine, which deprives this Court of subject matter jurisdiction over his claims as well. Under this doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 166 (quotations omitted).

The *Rooker-Feldman* doctrine has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id*. Here, the four prerequisites have been satisfied.[2] First, the state court adjudicated the underlying case against Henderson. Second, Henderson now seeks injunctive relief "vacating tainted custody orders and restoring Henderson's parental rights." (ECF No. 61). Third, Henderson filed this action after the underlying state court case. *Id*. Fourth, Henderson asks this Court to revisit state court judgment. *Id*. Therefore, the *Rooker-Feldman* doctrine is applicable, and Henderson is barred from raising his claims here.

**Res Judicata bars Henderson's claims.**

The doctrine of res judicata precludes Henderson from relitigating the same claims previously brought before this Court and the state court. Our Supreme Court has well-settled that "the preclusive effect of a judgment" is met when successive litigation raises the same claim or same issue that prior litigation addressed, generally referred as the doctrine of res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Specifically, the Supreme Court has established the doctrine of claim preclusion where a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (citations and quotation marks omitted). By taking a broad view on whether successive suits are

[2] The Third Circuit instructs district courts to determine the applicability of the *Rooker-Feldman* doctrine by considering the "timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been caused by those proceedings." *Id*. (internal citations omitted).

based on the same cause of action of a prior suit, the court must focus on the "essential similarity of the underlying events giving rise to the various legal claims." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). The Third Circuit has made clear that the preclusive effect of a claim[3] may be established if the "new allegations seek recovery for essentially the same wrongful conduct or a single course of wrongful conduct." *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 Fed. Appx. 107, 109-110 (3d Cir. 2018). (citation and quotation marks omitted).

To demonstrate claim preclusion, a defendant must show that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp.*, 929 F.2d at 963. All three elements are met here for each defendant. In this case, Henderson's Second Amended Complaint arises from the state child custody matter in 2023. Henderson initially sued Defendants Judge Mincarelli, Attorney Fink, Buchanan Law Offices, LLC., Attorney Baker, and the Kardoshs and lost in state court. Second, Henderson essentially asserted the same claims against those Defendants as he has done here to the additional Defendants added to this suit. The additional defendants in this case are all in privity to the original defendants as Henderson himself alleges that they all were involved in the same custody dispute he seeks to overturn. *See also Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action."). Lastly, the claims presented before this Court were previously raised—arising from the same underlying facts—or could have been raised by Henderson. For these reasons, claim preclusion is warranted and the doctrine of res judicata bars the Henderson's claims as alleged here.

[3] Claim preclusion also "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

**Henderson's Claims are Time-Barred.**

Henderson's claims against Defendants are barred by the statute of limitations. The Third Circuit permits defendants to raise a statute of limitations defense under a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt*, 770 F.3d at 249 (citation and internal quotation marks omitted). However, the court must find that the limitation "is apparent on the face of the complaint," to dismiss the complaint as time barred. *Id*. (citation and internal quotation marks omitted). "The statute of limitations begins to run as soon as the right to institute and maintain suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway v. Pocono Produce*, 468 A.2d 468, 471 (Pa. 1983). Henderson's alleged conduct presented in the Second Amended Complaint shows on its face that the statute of limitations[4] bars his claims against Defendants as his alleged injury commenced in 2020.

**Judicial Immunity bars Henderson's claims against Court Defendants.**

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity

[4] Henderson's claims are subject to a two-year statute of limitations—his claims brought under 42 U.S.C 1983; and, his claims for Fraud, Intentional Infliction of Emotional Distress, Illegal Interception of Communications, and common law Abuse of Process and Malicious Prosecution. Henderson's claim brought under 42 U.S.C. § 1964 is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987).

purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Pennsylvania courts of common pleas have "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. Stat. and Cons. Stat. Ann. § 931(a) (West); *see also* Pa. Const. art. V, § 5 (there shall be "one court of common pleas for each judicial district . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law."). The proper analysis to determine if Court Defendants are entitled to judicial immunity is whether he/she had jurisdiction to preside over the matter, which Court Defendants did as duly elected judges of the court of common pleas. *See Figueroa*, 208 F.3d at 444.

The Third Circuit has held that it is "preposterous" to hold that "whenever a judge makes an error of law or procedure in a matter properly before him or her, that judge is not entitled to judicial immunity." *Id*. at 444-45. Stated differently, even if Court Defendants violated the law or procedure, or made a mistake, they shall not be deprived of their immunity because they properly exercised their jurisdiction over the matter. Because the actions allegedly taken by Court Defendants were all normal functions done in their judicial capacity, they are absolutely immune from suit in a case like the present one where they properly exercised jurisdiction as judges of the Court of Common Pleas.

Henderson alleges that Court Defendants, acting under color of state law, deprived him of his constitutional rights without procedural due process in violation of the Fourteenth Amendment. (ECF No. 61). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures

available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). Here, Henderson did not allege that he was denied notice or an opportunity to be heard, as required by the due process clause. Moreover, Henderson's due process claim is dismissed since Court Defendants properly exercised their judicial authority. Therefore, Court Defendants are absolutely immune from Henderson's claims against them.

**Litigation Privilege bars Henderson's Claims against Attorney Defendants.**

According to Pennsylvania common law, the state supreme court has held that litigation privilege "generally protects an attorney from civil liability arising from words he or she has uttered in the course of judicial proceedings." *Loigman v. Twp., Comm. Of Middletown*, 889 A.2d 426 (2006). Litigation privilege also protects attorneys [from] defamation actions [and] a host of other tort-related claims." *Id*. Pennsylvania law, however, requires "the statements [to be] pertinent and material to the litigation" for the privilege to apply. *Post v. Mendel*, 507 A.2d 351, 352 (Pa. 1986). It is clear from the Second Amended Complaint that Henderson's allegations of Attorney Defendants pertained to statements and/or actions made as counsel adverse to his position. *See* (ECF No. 61). Therefore, this privilege applies and Attorney Defendants are immune from Henderson's claims.

**Eleventh Amendment bars Henderson's Claims.**

Henderson asserts an official capacity claim against County Defendants and Court Defendants for the alleged deprivations of his constitutional rights. However, County Defendants and Court Defendants are immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment of the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State." U.S. Const. amend. XI. Our Supreme Court has explained that a suit brought against a state official should "be treated as a suit against the entity" not the official. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court further explained in *Hafer v. Melo*, 502 U.S. 21, 26 (1991), that a state official being sued in their official capacity is not a party to the suit rather their government office, entity, or state is the party in interest to the suit. Absent a state's consent, the Eleventh Amendment bars a civil rights suit against the state in federal court. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Pennsylvania has not statutorily waived its Eleventh Amendment immunity. *Id.* Moreover, the Third Circuit has found that a Rule 12(b)(1) motion may be dispositive when considering a motion to dismiss a complaint because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

"Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity.... Therefore, [plaintiff's] claims against the Court of Common Pleas are ... barred by the Eleventh Amendment."). *Id.* It therefore follows that Henderson's official capacity claims against County Defendants and Court Defendants are barred by the Eleventh Amendment immunity clause.

**Parent Defendants and Attorney Defendants are Not State Actors under § 1983.**

Henderson cannot maintain his federal constitutional claims against Parent Defendants or Attorney Defendants because none of them are state actors for purposes of § 1983. *See, e.g., Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady*, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens ... are not state actors, and therefore ... any § 1983 claims against [them] should be dismissed."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Therefore, Henderson's claims under § 1983 fail as a matter of law.

## V. CONCLUSION

Amendment to Henderson's claims would be futile. Plaintiff cannot overcome the legal bars to federal jurisdiction, making further amendments an exercise in futility. A court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the

pleadings before the court demonstrate that further amendment would be futile). Since Plaintiff's pleading cannot be cured with further amendment to Count I and II, this claim is dismissed with prejudice and without leave to amend. *See City of Cambridge Ret. Sys.*, 908 F.3d at 879, 69 V.I. 1034; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating amendment should be granted unless it would be futile.). Accordingly, this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

**BY THE COURT**:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J**.